NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE MORENO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DETROIT SPECTRUM PAINTERS, INC.,<br><br>　　　　　Defendant. | Civil Action No.: 10-3696 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on a motion to dismiss filed by Defendant for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and improper venue pursuant to Rule 12(b)(3). Defendant's motion is unopposed. The Court has examined the record and the submissions of Defendant and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

I.　　BACKGROUND

On July 7, 2010, Plaintiff Jorge Moreno filed a Complaint against his former employer Defendant Detroit Spectrum Partners, Inc. alleging violations of federal and state employment law. The Complaint alleges that during the relevant time period Defendant was "operating in Warren, Michigan and doing business in the State of New Jersey," Compl. at ¶ 4, but provides no further detail regarding Defendant's presence or activity within New Jersey. On November 24, 2011, Defendant filed the instant motion to dismiss. Plaintiff has submitted no opposition.

Defendant, for its part, has submitted declarations by its President and Superintendent describing its contacts with the state of New Jersey. Defendant's submissions state that Plaintiff was employed by Defendant from October, 10 2005 through February 13, 2009 as a journeyman painter. (Declaration of Joe Palazzolo ¶ 2.) Defendant states that Plaintiff identified his home address as within the state of Michigan and that he performed work for Defendant only in Michigan. (Id. at ¶ 3-4, Ex. A). Defendant identifies itself as a Michigan corporation with its only office located in Michigan. (Id. at ¶ 5.) It states that it has never owned, rented, or leased property in New Jersey, has not been registered to do business in New Jersey, and does no advertising in New Jersey. (Id. at ¶ 6-7.) During the past seven years, Defendant states that it has performed a total of twenty-four days of work within New Jersey, which occurred over four separate "jobs." (Id. at ¶ 8.) These jobs were allegedly performed from March 9, 2009 to May 18, 2009—after Plaintiff's employment had ended. (Id. at ¶ 10.) Defendant states that the work arose from a contract with an Illinois corporation to install murals at facilities in New Jersey owned by a third party. (Id. at ¶ 8-9.) For three of these jobs, Defendant alleges that it sent only its regular employees from Michigan to perform the work, but on one occasion Defendant allegedly hired a temporary worker in New Jersey, whom it terminated upon conclusion of the job. (Id. at ¶ 10.) Defendant states that the four New Jersey jobs represent less than one percent of its total sales revenue for each of fiscal years 2009 and 2010. (Id. at ¶ 11.) It further states that it has no current plans to perform additional work in New Jersey. (Id. at ¶ 12.)

II.   **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1332, a federal district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. O'Connor

v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007).  New Jersey's long-arm statute permits the exercise of personal jurisdiction over non-resident defendants to the full extent allowed under the Fourteenth Amendment of the United States Constitution.  See N.J. Ct. R. 4:4-4; Eaton Corp. v. Maslym Holding Co., 929 F.Supp. 792, 796 (D.N.J.1996).

To determine if its exercise of personal jurisdiction complies with the due process clause of the Fourteenth Amendment, the Court must employ a two-part analysis.  First, the Court may not exercise personal jurisdiction over a non-resident defendant unless the defendant has certain "minimum contacts" with the forum. World-Wide Volkswagen Corp.v. Woodson, 444 U.S. 286, 291 (1980).  To find minimum contacts, the Court must determine that the defendant has purposefully directed its activities towards the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  Thus, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Second, if minimum contacts are shown, "jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice' " Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150-51 (3d Cir.1995) (citing Int'l Shoe v. Washington, 326 U.S. 310, 326 (1945)).

### III.    DISCUSSION

In deciding a motion to dismiss for lack of personal jurisdiction, the Court must look to evidence beyond that which is contained in the pleadings.  Once the defense has been raised, "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper."  Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir.1996).  As Plaintiff here

has failed to submit affidavits or other competent evidence in support of jurisdiction over Defendant, Plaintiff has not met his evidentiary burden, and the Court may dismiss the Complaint on this ground alone.  See Jumpp v. Jerkins, No. 08-6268, 2010 WL 2773582, *3 (D.N.J. July 7, 2010); see also Time Share Vacation Club v. Atlantic Resorts, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  However, as Defendant has submitted declarations of two of its employees regarding its contacts with the forum, the Court will consider whether the facts alleged in those declarations would be sufficient to permit the exercise of either specific or general jurisdiction over Defendant.

### A.     Specific Jurisdiction

Specific jurisdiction may be invoked only "when the cause of action arises from the defendant's forum related activities."  Vetrotex, 75 F.3d at 151; see also McGee v. Int'l life Ins. Co., 355 U.S. 220 (1957).  To establish specific jurisdiction, the defendant's minimum contacts with the forum state must be "such that [the defendant] should reasonably anticipate being haled into court there."  World Wide Volkswagen, 444 U.S. at 297.  The touchstone of this inquiry is whether the defendant purposely established those minimum contacts.  See North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990).

The facts alleged in Defendant's submissions do not support a finding of specific jurisdiction.  Defendant states that Plaintiff performed no work within New Jersey while under its employment, and the work that Defendant did perform within New Jersey occurred only after Plaintiff's employment had ended.  Thus, Defendant's submissions do not support a finding that the cause of action here "arises from the defendant's forum related activities."  Based on these facts the Court therefore lacks specific jurisdiction over Defendant.

### B. General Jurisdiction

General jurisdiction is premised upon a finding that "the defendant has continuous and systematic contacts with the state which are unrelated to the subject matter of the lawsuit." Database Amer., Inc. v. Bellsouth Advertising & Pub. Corp., 825 F. Supp. 1195, 1209 (D.N.J. 1993); see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). A plaintiff seeking to establish general jurisdiction faces a higher burden than is required to establish specific jurisdiction and "must show significantly more than mere minimum contacts." Id. To determine whether general jurisdiction exists, a court may examine several factors, including whether the defendant (1) holds itself out to the public as doing business in the state; (2) is incorporated in or registered to do business in the state; (3) has appointed an agent for receipt of process within the state; (4) pays taxes to the state; (5) advertises in or otherwise solicits business in the state; (6) generates revenue from sales in, services rendered within, or goods delivered within the state; and/or (7) maintains an office in the state. Id.

The facts alleged in Defendant's submissions do not support a finding of general jurisdiction. Defendant states that it is incorporated in Michigan, has no offices or other assets in New Jersey, has never been registered to do business in New Jersey, and does no advertising in New Jersey. Defendant, however, also states that it has performed twenty-four days of work in New Jersey over the last seven years, which consisted of four jobs from which Defendant earned less than one percent of its revenues. Each of these four jobs were allegedly performed under contract with an Illinois entity, and in only one job did Defendant employ a New Jersey resident, who was terminated upon completion of the work. Thus, while Defendant did generate some revenue through work within the state of New Jersey, the work was of a limited duration and was

performed under contract with an out-of-state entity.  Defendant's work within New Jersey, and the hiring of a New Jersey temporary worker, appear from these facts to have been isolated events, rather than "continuous" or "systematic" activities within the forum.  Given such limited contacts and Defendant's apparent lack of a regular business presence within the state, the Court concludes that Defendant's submissions do not support a finding of "continuous and systematic contacts" between Defendant and New Jersey.  Based on these facts the Court therefore lacks general jurisdiction over Defendant.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted.  Given the Court's lack of personal jurisdiction over Defendant in New Jersey, the Court need not address Defendant's argument of improper venue.  An appropriate Order accompanies this Opinion.


DATED: January 19, 2011                              /s/ Jose L. Linares
                                                     JOSE L. LINARES
                                                     UNITED STATES DISTRICT JUDGE